■ In the Matter of COMMUNITY NETWORK SERVICE, INC., Appellant, v NEW YORK STATE DEPARTMENT OF PUBLIC SERVICE et al., Respondents. [820 NYS2d 184]—

Crew III, J.P. Appeal from a judgment of the Supreme Court (Teresi, J.), entered February 8, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Public Service Commission, which, inter alia, denied petitioner's overcharge claims.

In 1994, petitioner entered into a contract with respondent Verizon New York, Inc. pursuant to the terms of which it purchased the use of certain of Verizon's telephone lines. Technical problems arose regarding the implementation of certain services due petitioner under the contract, as the result of which petitioner ceased paying a portion of its bills. In February 1996, petitioner and Verizon settled their differences whereby Verizon agreed to credit petitioner for some of the outstanding charges for certain of its services and agreed to eliminate all of the charges for another service. In consideration of those concessions, Verizon established a special account and petitioner agreed to amortize its remaining overdue charges by making monthly payments into said account.

Unfortunately, billing disputes between petitioner and Verizon continued, prompting petitioner to file a complaint with respondent Department of Public Service. Following an investigation, the Department of Public Service issued a decision resolving the complaint. Petitioner, dissatisfied with that decision, appealed and raised several additional claims, which resulted in an informal hearing. In May 2000, the Hearing Officer determined that petitioner was not entitled to any further refunds, prompting petitioner to appeal to the Public Service Commission (hereinafter PSC). Following a three-day hearing, the PSC issued a decision and order dated March 2004 that adhered to the previous informal and formal hearings and rejected, as pertinent to this appeal, petitioner's "Claim 7," which related to the special account created by reason of the February 1996 settlement agreement.

Petitioner thereafter commenced this CPLR article 78 proceeding challenging the PSC's March 2004 order. Supreme Court dismissed the petition, finding that the PSC both had a rational basis for its ruling on Claim 7 and had addressed and

rejected petitioner's request for restoration of service in response to petitioner's application for a rehearing. Petitioner now appeals and we affirm.

There is ample record evidence upon which the PSC could properly determine that the parties settled the matters contained in petitioner's Claim 7, and Supreme Court properly concluded, therefore, that there was a rational basis for denial of such claim (*see Matter of Rochester Gas & Elec. Corp. v Public Serv. Commn. of State of N.Y.*, 117 AD2d 156, 160 [1986]).

We likewise reject petitioner's contention that Supreme Court erred in upholding the PSC's rejection of its claim for restoration of service. The record reflects that following the March 2004 decision and order, petitioner moved for a rehearing concerning, among other things, Claim 7 and its application for the restoration of service. In response to that motion, Verizon provided evidence of petitioner's corporate dissolution for failure to pay taxes. As a consequence, the PSC rendered an order denying petitioner's service restoration claim and further denying a rehearing as to Claim 7. While the Business Corporation Law permits a dissolved corporation to continue to function for the purpose of winding up its affairs (*see* Business Corporation Law § 1006 [a]), it further provides that such a corporation shall carry on no business except for winding up its affairs (*see* Business Corporation Law § 1005 [a]). Clearly, therefore, the PSC had a rational basis upon which to deny petitioner's request for service restoration.

Peters, Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.